Bradbury, J.
The defendants in error were tanners, engaged in the city of Cincinnati, in manufacturing leather from the skins of animals. In the years 1875, 1876, 1877 and 1878, the auditor of state provided blank forms to be used by the assessors in the several townships and wards of the municipalities of the state, to secure a uniform listing for those years, of the personal property within the state subject to taxation, and upon this form promulgated certain *109 instructions to aid the assessing officers and property owners to determine what property should be listed and the proper method of listing it.
This form, with the instructions printed upon it, was provided and furnished to the county auditors of the several counties throughout the state. Among the instructions thus given by the auditor of state was the following: “Manufacturers must include the average value of raw material used and on hand in the manufactured and unmanufactured articles.” Pursuant to these instructions the defendants, in the years above named, listed not merely the average monthly value of the raw material “ purchased received or otherwise held,” to be used in manufacturing, but included also the average value of the raw material in manufactured articles on hand or in process of being manufactured. The defendants in error in the original action sought to recover the taxes that they had paid upon the raw material that was in the manufactured and partly manufactured articles on hand. These taxes were all paid, and all the assessments, except that of 1875, were made after it had been held by the Supreme Court Commission, that raw material in manufactured and partly manufactured articles was not taxable. Sebastian, Treas. v. Ohio Candle Co., 27 Ohio St., 459.
In 1881 the defendants in error, and a number of others in like situation, including Eckstein, Hill & Co., manufacturers of white lead, etc., filed claims with the county auditor of Hamilton count}'', for the refunder of the taxes thus paid by them respectively. Payment being refused, Eckstein, Hill & Co. brought an action in the Court of Common Pleas of Hamilton county against the county commissioners of that county to enforce their claim; they prevailed in that court; whereupon the county commissioners instituted proceedings in the District Court of Hamilton county to reverse the judgment of the court of common pleas. The district court reversed the judgment of the court of common pleas upon the ground that in law there was no right of recovery. Commissioners v. Eckstein, Hill & Co., 4 W. L. B. 989. Which judgment of the district court was afterwards *110 affirmed by this court. In the year 1890, after these adverse decisions had been made, and relief denied to parties situated like the defendants in error, the General Assembly passed the following act. 87 Ohio Laws, 212.
“ That if in anjr county containing a city of the first grade of the first class, the com^ or state auditor has sent by any assessor to any person, firm or corporation a blank upon which to return property for taxation, under section 2742 of the Revised Statutes of Ohio, with instructions in said blank showing and directing such person, firm or corporation how the said return should be made of such property for taxation, which instructions have been erroneous and contrary to the said section 2742, and such person, firm or corporation has made return in accordance with such erroneous instructions, and by reason of following said erroneous instructions, said person, firm or corporation has returned for taxation, and paid taxes upon property which, under the said section 2742 should not have been listed, such listing and payment shall be held to be involuntary, and the court of common pleas of said county, in an action brought by any such person, firm or corporation against the county commissioners of said county, and upon lawful proof of any such involuntary payment, shall render judgment for the recovery of the amount of said payment, but without interest oncosts; and thereupon such county commissioners shall cause the same to be paid out of any unexpended funds belonging to said county in the county treasury. Provided, however, that no taxes so erroneously paid shall be so sued for and refunded by said county commissioners unless a claim in writing, duly verified by such person, firm or corporation, has been filed and presented therefor with the county auditor of such county within six years from the time of payment of such erroneous taxes.”
Upon this statute the defendants in error predicate their right to recover. The plaintiffs in error assail its constitutionality upon three distinct grounds, only two of which we think it necessary to consider; (1) its retroactive character and effect, and (2) that it is special legislation on a subject of a general nature.
*111 However steadily we may keep in mind the general rule, that statutes should be construed to operate prospectively •only, when susceptible of that construction, there still remains little, if any, doubt, that the legislature intended the above quoted statute to operate retrospectively; and it is only little less certain that the object was to vitalize the •claims of the defendants in error, and of others in Hamilton county in like situation. At least the language of the statute is explicable upon no other hypothesis than that it was intended to operate upon past transactions; the only doubt in this respect is whether its operation should not be limited to past events, and its prospective operation denied altogether. The words of the statute uniformly refers to the past, in prescribing the circumstances that are to set it in operation. The language is, “ If any * * * auditor ‘has sent’ a blank with instructions, which instructions ‘have been’ erroneous, and a return ‘has been made’ accordingly,” etc., then a recovery may be had. The statute, therefore, should be held to be retroactive, and apply to the state of facts that constitutes the cause of action of the defendant in error.
However every statute that is designed to act retrospectively is not retroactive within the terms of section 28, of art. II, of the constitution of 1851, which forbids the general assembly of this state to pass “retroactive” laws. Whether a statute falls within the prohibiton of this provision of the constitution depends upon the character of the relief that it provides. If it creates a new right, rather than affords a new remedy to enforce an existing right, it is prohibited by this clause of the constitution of this state.
Judge Story defines a retrospective, or retroactive law, as follows: “ Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective.” The Society, etc. v. Wheeler, 2 Gall. 104-139. This definition was approved by this court in Rairden et al. v. Holden. 15 Ohio St., 207. It was also *112 adopted by the Supreme Court of the United States in Sturges v. Carter, 114 U. S. 511.
The statute under consideration, when tested by these principles, operates retroactively in its application to the claim of defendants in error. The last payment of the taxes that they sought to recover, was made more than nine years before the law was passed. The property had been listed and the taxes thereon paid voluntarily. They interposed no objection or protest to the payment, nor was any threat or offer made by the county treasurer to compel payment by summary or other process provided by statute for that purpose. For money paid under these circumstances the well settled law of this state, as it then stood, and remained up to the time of the passing of this statute, forbid a recover}'. Mays v. Cincinnati, 1 Ohio St., 268; Marietta v. Slocomb, 6 Ohio St., 471; Wilson v. Pelton, 40 Ohio St., 306; Whitbeck, Treas. v. Minch, 48 Ohio St., 210. Nor did the circumstances under which it was listed constitute such an error as might be corrected, and a refunding order drawn by the county auditor by virtue of sec. 1038, Revised Statutes, for the excess that was thus paid. State v. Commisioners, 31 Ohio St., 271; State ex rel. v. Cappellar, 5 W. L. B., 833. Therefore when the defendants in error voluntarily, though erroneously, listed their property, and voluntarily paid the taxes assessed upon it, neither by statute nor by any principle of the common law as administered in Ohio, was an obligation imposed upon the county of Hamilton to refund the money received. If such an obligation had existed, the forms of procedure then provided by our system of practice, were ample to afford complete relief. The obstacle in the way of the defendants in error was not inadequate methods of procedure, but the absence of a law vesting in them a right of recovery. This want the statute under consideration attempted to supply.
This statute, it is contended, is remedial, and remedial statutes may be retroactive. It is remedial no doubt, in that enlarged sense of that term, where it is employed to designate laws made to supply defects in, or pare away hardships of, the common law, but not remedial in the sense of provid *113 ing a more appropriate remedy than the law before afforded, to enforce an existing right or obligation. The statute under consideration provided no new method of procedure; it simply imposed upon Hamilton county an obligation towards these plaintiffs in error that did not attach to the transaction when it occured. In attempting to accomplish this result the legislature transcended its constitutional powers.
Counsel contend that the statute is in furtherance of natural justice, and that the clause of the constitution under consideration does not prohibit retroactive laws of that character. Lewis, trustee v. McElvain, 16 Ohio, 347; Trustees v. McCaughy, 2 Ohio St., 152; Acheson v. Miller, 2 Ohio St., 203; Burgett et al. v. Norris, 25 Ohio St., 308.
To uphold a statute on this ground, where it seeks to create a liability upon a past transaction, where none existed when it occured, if it can be done at all, the natural justice of the object sought to be accomplished should be indisputable. In the case before us no misconduct is chargeable to the officials of Hamilton county. If the defendants in error are to be held free from negligence, and to have been innocently misled, it was the result of the erroneous instructions sent out by the auditor of state. The money that they now seek to recover from the county was voluntarily paid to the treasurer who was bound to receive it. Without notice of any claim to its repayment by defendants in error, he distributed to the city of Cincinnati and the state, their respective proportions of the fund. Under these circumstances the natural justice of requiring the tax payers of Hamilton county to refund, the entire sum is a question upon which minds may differ.
2. The subject of the statute under consideration is the right of the tax payer, who has paid taxes upon property exempt from taxation, to recover from the public the money thus paid, and its object is to ameliorate the supposed harshness of the existing law in this particular. The rights of the tax payer in this respect should be uniform throughout the state, which result can be attained only by a statute de *114 signed to operate impartially upon every person -who may bring himself within its beneficient provisions.
True, this court has held that a law is not necessarily one of a general nature, because it relates to a general subject. State ex rel. v. Shearer, 46 Ohio St., 275. In that case the subject of the statute was the erection of certain territory in Stark county into a special school district, a' matter purely local in that, the wisdom of the statute depended upon the peculiar situation of the territory thus set apart, in respect, not only to the location of its parts to each'other, but with reference to the location of the whole of it to the territory by which it was surrounded.
If circumstances can be conceived to exist which would warrant special legislation authorizing a tax payer of one county only to recover from the public taxes that he had erroneously paid, they are not shown in this instance.
It was the duty of the auditor of state to send to each ■county in the state the same instructions for listing property that he sent to every other county therein, and, in the absence of anything in the record to the contrary, it will be presumed that he did so. If these insructions were erroneous, they operated equally throughout the state, and were as likely to cause manufacturers, in counties having no city of the first grade of the first class, to fall into errors in listing their propertj'- for taxation, as they were to cause those manufacturers who resided, or did business", within a county that contained such city; nor did the former any more than the latter have a claim against their respective counties for the refunding of the taxes voluntarily paid on property, erroneously listed by reason of such instructions. And whatever amelioration of the hardships of the existing law in this respect, that the legislature in its wisdom deemed just and right, should have been extended to the whole people of the state without regard to the county boundaries. Otherwise there might be as many different laws on the subject as there are counties within the state, and an action to recover taxes ¡paid in one county could be maintained upon a state of facts that in an adjoining countjr would be wholly inadequate for that pnrpose. This want of uniformity in the laws prescribing the *115 rights and obligations of the inhabitants of the state was the very mischief that section 26 of article II, was designed to prevent. We therefore hold that a statute, like the one under consideration, the object of which is to alter the existing law respecting the right of a tax payer to demand and recover from the public, money erroneously, or mistakingly, paid by him, contravenes section 26, of article II, of the constitution of 1851, unless it is given a uniform operation throughout the state.
The view this court adopts on the power of the general assembly to pass the act upon which the defendants in error predicate their right of action, disposes of the case and renders any consideration of the other questions discussed by counsel unnecessary.
Judgment of the circuit and that of the court of common pleas reversed, and petition dismissed.